**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

William Quin-Anthony Day

        v.                                Civil No. 16-cv-482-PB

Robert Hazlewood, Warden, FCI Berlin

**REPORT AND RECOMMENDATION**

        William Quin-Anthony Day, formerly an inmate at the Federal
Correctional Institution in Berlin, New Hampshire ("FCI-
Berlin"), has filed a petition for a writ of habeas corpus (Doc.
No. 1), pursuant to 28 U.S.C. § 2241, seeking to challenge: (1)
the validity of the sentence imposed in his federal prosecution,
which was based on the sentencing range for career offenders
established under the advisory United States Sentencing
Guidelines (hereinafter "Claim 1"); and (2) the failure of the
Federal Bureau of Prisons ("BOP") to credit a total of 13 months
and 14 days towards his federal sentence for time served from
September 30, 2005 until November 1, 2005, and from April 29,
2006 until May 13, 2007 (hereinafter "Claim 2").  Before the
court are: the respondent FCI-Berlin Warden's motion to dismiss
(Doc. No. 8) Claim 1, challenging the validity of Day's enhanced

sentence; and petitioner's motion for summary judgment (Doc. No. 9), seeking relief on Claim 1.  Neither party has moved for a ruling on Claim 2, Day's claims challenging the calculation of his sentence.

## Background

Day pleaded guilty in 2007 in the Middle District of North Carolina, to an indictment charging possession with intent to distribute 7.7 grams of cocaine base ("crack") in September 2005, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B) (2005) (Count One); and possession of a firearm in furtherance of that drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count Two).  See Apr. 2, 2007 Change of Plea H'g Tr., at 33, United States v. Day, No. 1:07-cr-32-1 (M.D.N.C.) ("Criminal Case") (ECF No. 27, docketed Sept. 22, 2008); see also Apr. 2, 2007 Plea Agt., Criminal Case (ECF No. 12).  Day was advised by the sentencing court, at his change of plea hearing, that on Count One of the indictment, he would be sentenced to a minimum of five years, and could be sentenced to up to forty years in prison, and that the sentence range on Count Two of the indictment was five years to life.  See Apr. 2, 2007 Change of Plea H'g Tr., at 27-28, 33 Criminal Case (ECF No.

27, docketed Sept. 22, 2008); see also 21 U.S.C.
§ 841(b)(1)(B)(iii) (2005); 18 U.S.C. § 924(c)(1)(A).

At the time of Day's sentencing, section 4B1.1 of the
Advisory Guidelines provided, in pertinent part, that a
defendant is a "career offender if . . . the defendant has at
least two prior felony convictions of either a crime of violence
or a controlled substance offense." U.S.S.G. § 4B1.1(a). Day's
criminal history included four prior North Carolina drug crime
convictions. The court deemed those convictions to be predicate
controlled substance offenses, qualifying him for a career
offender designation under § 4B1.1. Day was sentenced in July
2007 to an aggregate term of 262 months, consisting of a 202-
month sentence on the drug charge (Count One), based on the
career offender Guidelines range, followed by a consecutive
sentence of 60 months on the firearms charge (Count Two). See
Doc. No. 8-1, at 12-13 (July 3, 2007 Sent'g Proc'gs Tr.,
Criminal Case (ECF No. 28, docketed Sept. 22, 2008)); see also
May 1, 2009 Report and Recommendation ("R&R"), at 13, Criminal
Case (ECF No. 41), R&R approved, Oct. 27, 2009 Order, Criminal
Case (ECF No. 45). The federal sentence was set to run
consecutively to the state sentence that Day was then serving.
See Aug. 9, 2007 Am. J., at 2, Criminal Case (ECF No. 18).

Day, who did not file a direct appeal of his conviction and sentence, filed his first post-conviction motion under 28 U.S.C. § 2255 in 2008.  The Middle District of North Carolina denied that motion in 2009.  See Oct. 27, 2009 Order, Criminal Case (ECF No. 45).  In 2010, Day moved for resentencing, under 18 U.S.C. § 3582(c)(2), based on the reduction in the Guidelines sentencing range for crack cocaine, made retroactive by the United States Sentencing Commission.  The sentencing court denied that motion, finding Day ineligible for resentencing because his final offense level was derived from the career offender Guideline, and was not dependent on the amount of cocaine base charged in Count One of the indictment.  See July 13, 2011 Order, Criminal Case (ECF No. 62).

In 2014, Day filed a second § 2255 motion in his federal criminal case, arguing, in pertinent part, that none of his prior convictions qualified as a predicate for purposes of the Advisory Guidelines career offender provision, U.S.S.G. § 4B1.1. Day withdrew that § 2255 motion before a ruling was issued on it, after the Fourth Circuit issued its decision in United States v. Foote, 784 F.3d 931 (4th Cir. 2015) (challenge to career offender designation was not cognizable in § 2255 motion, where none of petitioner's convictions had been vacated, he had

4

been sentenced under Advisory Guidelines, and his sentence fell within permissible statutory range). Day thereafter filed the instant § 2241 petition, again challenging his career offender designation under the Advisory Guidelines (Claim 1), and adding Claim 2, asserting that the BOP miscalculated his sentence.

## Discussion

### I.    Savings Clause Jurisdiction

Pursuant to 28 U.S.C. § 2255, the court where the federal prosecution occurred generally has exclusive jurisdiction over a federal inmate's post-conviction motions challenging the validity of his or her federal conviction or sentence. See 28 U.S.C. § 2255(a). Section 2255(e), known as the "savings clause," preserves a limited role for the court in the district where a federal inmate is incarcerated to consider a § 2241 petition challenging the validity of his or her detention. See United States v. Barrett, 178 F.3d 34, 49 (1st Cir. 1999). Day thus filed his § 2241 petition here, seeking to invoke this court's "savings clause" jurisdiction under 28 U.S.C. § 2255(e).

The savings clause provides, in pertinent part:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to [§ 2255], shall not be entertained . . . unless it . . . appears that the remedy by motion [under § 2255]

is <u>inadequate or ineffective to test the legality of his</u>
<u>detention</u>.

28 U.S.C. § 2255(e) (emphasis added).

"[P]ost-conviction relief can be termed 'inadequate' or
'ineffective'" for purposes of invoking the savings clause,
"only when, in a particular case, the configuration of section
2255 is such 'as to deny a convicted defendant <u>any</u> opportunity
for judicial rectification.'" <u>Trenkler v. United States</u>, 536
F.3d 85, 99 (1st Cir. 2008) (emphasis in original) (citation
omitted).  The jurisdictional inquiry into § 2255's "adequacy
and effectiveness must be judged ex ante." <u>Id.</u>  Savings clause
jurisdiction is available for petitioners asserting statutory
claims based on new binding precedent, previously unavailable to
them, that narrows the scope of a criminal statute in a manner
that would have rendered them not guilty under the narrowed
statute.  <u>See</u> <u>Sustache-Rivera v. United States</u>, 221 F.3d 8, 16
n.14 (1st Cir. 2000) (citing cases allowing § 2241 petitions to
be filed after <u>Bailey v. United States</u>, 516 U.S. 137 (1995),
narrowed the definition of "use" of firearm in 18 U.S.C.
§ 924(c)(1)).

## II. <u>Career Offender Designation (Claim 1)</u>

The respondent Warden moves to dismiss Day's petition, to
the extent it challenges the career offender designation upon

which his 202-month Count One sentence was based.  The
government's arguments are that Day may not collaterally attack
his Advisory Guidelines sentence based on an error in finding
him to be a career offender, and that Day has not demonstrated
any "manifest injustice," given that his sentence falls below
the statutory maximum for his federal conviction.

In his motion for summary judgment on Claim 1, Day asserts
that his sentence exceeds the statutory maximum for his offense
and/or the sentencing range established under the Guidelines,
and he relies on two decisions post-dating his conviction -- the
Supreme Court's order in Persaud v. United States, 134 S. Ct.
1023 (2014), and United States v. Simmons, 649 F.3d 237 (4th
Cir. 2011) (en banc) -- in support of his invocation of savings
clause jurisdiction.  Day contends that his sentence is based on
a misapplication of § 4B1.1 in light of Simmons,[1] which elevated
his Guidelines sentencing range, and he argues that because of
§ 2255's restrictions on successive § 2255 motions, he cannot
obtain relief in the sentencing court.

---

[1]In Simmons, the Fourth Circuit concluded that certain North
Carolina drug convictions like Day's, which resulted in
sentences of less than one year, could not be counted as
predicate felony drug convictions under the Controlled
Substances Act's mandatory minimum sentence provision, 21 U.S.C.
§ 841(b)(1)(B)(vii).  Simmons, 649 F.3d at 248-49.

7

In the first place, Day's reliance on Persaud is misplaced. Persaud was a summary Supreme Court order granting a writ of certiorari, vacating, and remanding a matter to the Fourth Circuit for reconsideration in light of a position taken by the Solicitor General.[1]  Persaud, 134 S. Ct. at 1023.  That order was "not a substantive decision and, therefore, does not support [petitioner's] contention that the particular sentencing errors he complains of are amenable to § 2241 relief in this case." Robinson v. United States, 812 F.3d 476, 477 (5th Cir. 2016).

Day's assertion that his federal sentence exceeded the "statutory maximum" set for his offense is similarly unavailing. The penalty provision for the drug possession statute, see 21 U.S.C. § 841(b)(1)(B) (2005), on the date of Day's sentencing, set the statutory maximum for Day's offense at forty years, based on the amount of crack cocaine (7.7 grams) charged in the indictment, not counting his prior convictions.  Congress's amendment of that penalty provision through the Fair Sentencing Act ("FSA") in 2010 lowered the statutory maximum to twenty years for individuals charged with distributing less than 28 grams of cocaine base, who were sentenced after the FSA's effective date.  See United States v. Turner, 499 F. App'x 876, 876 (11th Cir. 2012) (per curiam) (citing 21 U.S.C.

8

§ 841(b)(1)(C) (2011)); see also Dorsey v. United States, 567
U.S. 260, 281 (2012). Day's 202-month sentence on Count One of
the indictment did not exceed the statutory maximum in effect in
the relevant time period.

Moreover, even if this court were to conclude that certain
types of claims of sentencing errors are within the scope of
this court's savings clause jurisdiction, and that Simmons
changed the law in the Fourth Circuit after Day was sentenced
regarding whether his North Carolina convictions counted as
predicates under the Advisory Guidelines career offender
provision, Claim 1 asserting a Simmons error in Day's sentencing
would remain outside this court's jurisdiction. Savings clause
jurisdiction over claims challenging the validity of a
conviction or sentence arises in rare and exceptional
circumstances, which generally involve credible allegations of
actual innocence. See Trenkler, 536 F.3d at 99 ("Most courts
have required a credible allegation of actual innocence to
access the savings clause."). Actual innocence in that context
means factual innocence, not mere legal insufficiency. See
Bousley v. United States, 523 U.S. 614, 623 (1998); United
States v. Olano, 507 U.S. 725, 736 (1993) (in "collateral-review
jurisprudence, the term 'miscarriage of justice' means that the

defendant is actually innocent").

Day's Simmons claim does not qualify as an actual innocence claim.  Day does not challenge the validity of his prior state drug offense convictions, and he does not assert that a new law has rendered non-criminal the conduct underlying any of his prior state drug convictions, deemed to be career offender predicates.  Day's assertion that he is actually innocent of being a career offender rests on the premise that the Advisory Guidelines were misapplied in his case.  See Cuevas v. United States, 778 F.3d 267, 270-71 (1st Cir. 2015) (distinguishing "misapplication of the advisory guidelines" claims from claims that may provide cognizable bases for collateral relief under § 2255 where underlying state convictions have been invalidated).  As Claim 1 challenges the legal insufficiency of the career offender designation in Day's case, it is not a claim of factual innocence.  Given that Day's sentence did not exceed the statutory maximum for the federal drug offense at issue, and that none of his underlying convictions have been invalidated, cf. Cuevas, 778 F.3d at 271-72, and that he has not made a credible claim of actual innocence as to any conviction at issue here, Claim 1 does not provide a basis for finding Day's 202-month sentence on Count One of his indictment to be a

10

miscarriage of justice sufficient to invoke the savings clause. Accordingly, the district judge should both grant the respondent's motion to dismiss Claim 1 and also deny Day's motion for summary judgment on Claim 1, his claim challenging the Advisory Guidelines career offender designation that affected his sentence.

### III. **Sentence Credit**

Day's petition (Doc. No. 1) includes a claim (Claim 2), asserting that the BOP has improperly calculated his sentence credits.  This court has jurisdiction over claims challenging the BOP's calculation of sentence credits, where the petitioner has exhausted his administrative remedies.  Muniz v. Sabol, 517 F.3d 29, 33-34 (1st Cir. 2008) ("a habeas petition seeking relief from the manner of execution of a sentence is properly brought under 28 U.S.C. § 2241"); Barrett, 178 F.3d at 50 n.10; Gonzalez v. Grondolsky, No. CV 14-13279-MGM, 2015 WL 4274183, at *2, 2015 U.S. Dist. LEXIS 91988, at *5 (D. Mass. July 15, 2015).

Neither party in this case has moved this court for relief on Day's claim regarding the BOP's calculation of his sentence credits.  As it is not clear that Day has exhausted his BOP remedies on that claim, see Gonzalez, 2015 WL 4274183, at *2, 2015 U.S. Dist. LEXIS 91988, at *5, it is premature for this

11

court to address the merits of Claim 2.  In the Order issued

simultaneously with this Report and Recommendation, the court

has directed the respondent Warden, within sixty days, to file

an answer or motion to dismiss Claim 2, as identified in this

R&R, relating to the calculation of Day's sentence credits, or a

motion seeking to transfer further proceedings on Claim 2 to a

court in the federal judicial district encompassing Day's

current place of incarceration.

### Conclusion

For the foregoing reasons, the district judge should grant

the respondent's motion to dismiss (Doc. No. 8) and deny Day's

motion for summary judgment (Doc. No. 9).  As neither party's

motion addresses Day's remaining claims regarding BOP's

calculation of his sentence credits, the district judge should

not direct that judgment be entered in this case at this time.

Any objections to this Report and Recommendation must be

filed within fourteen days of receipt of this notice.  <u>See</u> Fed.

R. Civ. P. 72(b)(2).  The fourteen day period may be extended

upon motion.  Failure to file objections within the specified

time waives the right to appeal the district court's order.  <u>See</u>

<u>Santos-Santos v. Torres-Centeno</u>, 842 F.3d 163, 168 (1st Cir.

12

2016).

Andrea K. Johnstone
United States Magistrate Judge

February 15, 2018

cc:   William Quin-Anthony Day, pro se
      Seth R. Aframe, Esq.